IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RODNEY C. JOHNSON | § § | |
| VS. | § § § | CIVIL NO.4:17-CV-630-O(BJ) |
| UNION PACIFIC RAILROAD | | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER

In this case, Plaintiff has filed a civil case with a motion for leave to proceed *in forma pauperis*. Resolution of the motion was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b) and Miscellaneous Order No. 6.[1] The findings, conclusions and recommendation of the United States Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

A. NATURE OF THE CASE

This case is a new civil action.

B. PARTIES

Rodney C. Johnson is the plaintiff. The defendant is the Union Pacific Railroad.

C. LEGAL ANALYSIS

Plaintiff accompanied his complaint with a long-form motion to proceed in forma pauperis under 28 U.S.C. § 1915 *et. seq*. That motion/application includes the income and asset information for both the plaintiff and his spouse. In making the in-forma-pauperis determination, the Court may consider the total monetary resources

---

[1] Order for the Adoption of Rules for the Exercise of Powers and Performances of duties by United States Magistrate Judges, signed May 5, 2005.

available to assist Plaintiff, and "it is appropriate to consider a spouse's income."[2] A review of the financial information submitted in the long-form application/motion reflects that plaintiff Johnson previously received $6,000 a month, and his wife previously received $6,000 a month in income. Plaintiff also projects that he will receive $1,800 a month in income next month and his wife will still receive $6,000. (Doc. 4, at 2.) Plaintiff lists one dependant. The applicable poverty guideline for a family of three is $20,420. At a combined $7,800 a month, Plaintiff's total annual household income payments exceed $93,000.00, far above the poverty level for a family of three.[3] The information in this application thus shows that plaintiff Johnson has sufficient resources available to pay the filing fee. Thus, after review and consideration of the application/motion to proceed in forma

---

[2] *Muhammad v. Louisiana Attorney Disciplinary Board, et al.*, No. 09-3431, 2009 WL 3150041, at *1 (E.D. La. Sep. 25, 2009); see e.g., *Montiel v. Wyndham Anatole Hotel*, No.3:03-CV-1813-L, 2003 WL 22595820, at *1 (N.D. Tex. Nov. 6, 2003)(denying request to proceed in forma pauperis where plaintiff and spouse had combined monthly income of $3360 and &700 in a bank account); *Mann v. Frank*, No. 90-1122-CV-W-5, 1992 WL 219800, at *3-4 (W.D.Mo. Sept. 2, 1992)(considering plaintiff and her husband's equity in real property, their ownership of automobiles, and combined family income of $70,000 per year in rejecting in forma pauperis petition); *Monti v. McKeon*, 600 F.Supp. 112, 114 (D. Conn. 1984)(request to proceed on appeal in forma pauperis denied where plaintiff was supported by her spouse and spouse was able to pay costs); *Auffant v. Paine, Webber, Jackson & Curtis, Inc.*, 538 F.Supp. 120, 1202 (D.P.R. 1982)(court should consider overall financial situation of applicant as well as assets and liabilities of spouse); *Williams v. Spencer*, 455 F.Supp. 205, 209 (D. Md. 1978)("The question under 28 U.S.C. § 1915 is whether the litigant is unable to pay the costs, and the answer has consistently depended in part on a litigant's actual ability to get funds from a spouse . . .").

[3] The Plaintiff also writes in another portion of his in-forma- pauperis motion that he is now unemployed. (Doc. 4, 5.) Even if the Court were to take into account only the $6,000 in monthly income received by his spouse, this would still result in a recommendation of denial of the motion.

pauperis, the undersigned finds the motion to proceed IFP should be denied, and will make such a recommendation.

RECOMMENDATION

It is therefore RECOMMENDED that Plaintiff's August 1, 2017 motion to proceed in forma pauperis [docket no. 4] be DENIED by the district judge.

It is further RECOMMENDED that the district judge inform Plaintiff that the complaint will be subject to dismissal without further notice under Federal Rule of Civil Procedure 41(b), unless Plaintiff pays to the clerk of Court the filing and administrative fees of $400.00[4] within seven (7) days after the district judge's order.

NOTICE OF RIGHT TO OBJECT TO PROPOSED
FINDINGS, CONCLUSIONS AND RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a de novo determination of

---

[4]In addition to the filing fee of $350, the District Court Miscellaneous Fee Schedule, effective May 1, 2013, requires payment of an administrative fee for filing a civil action in district court of $50. *See* 28 U.S.C.§ 1914(a) and District Court Miscellaneous Fee Schedule, note 14.

those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute* 28 U.S.C. § 636(b)(1) (extending the deadline to file objections from ten to fourteen days).

## ORDER

Under 28 U.S.C. § 636, it is ORDERED that Plaintiff is granted until August 15, 2017 to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and is hereby, RETURNED to the docket of the United States District Judge.

SIGNED August 1, 2017.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE