IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **RODNEY JOHNSON,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:17-cv-00630-O-BP |
| § | |
| **UNION PACIFIC RAILROAD,** § | |
| § | |
| Defendant. § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are Defendant's Renewed Motion to Dismiss (ECF No. 25) with Brief in Support (ECF No. 26), filed February 5, 2018; Plaintiff's Responses to Defendant's Renewed Motion to Dismiss (ECF No. 29 and 30), filed February 8, 2018; Defendant's Reply in Support of its Renewed Motion to Dismiss (ECF No. 31), filed February 13, 2018; and Plaintiff's Response /Objection to Defendant's Reply Memorandum in Support of Defendant's Renewed Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 32), filed February 20, 2018. Based upon a full review of the relevant pleadings on file and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **GRANT** Defendant's Motion to Dismiss and dismiss this action without prejudice (ECF No. 25).

**I.   BACKGROUND**

Plaintiff Rodney Johnson filed his Original Complaint against Defendant Union Pacific Railroad Company on August 1, 2017, alleging violations of the Railway Labor Act ("RLA"). ECF No. 1. In response to Plaintiff's Complaint, Defendant filed its first motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, seeking dismissal of Plaintiff's claims based on failure to state a claim. ECF No. 14. In its first Motion to Dismiss, Defendant noted that Plaintiff

and Defendant were parties to a collective-bargaining agreement ("CBA"), and the RLA requires that any disputes arising under the parties' CBA be subject to arbitration. ECF No. 15 at 4–5. Defendant argued that (1) RLA arbitration awards are final and binding and (2) Plaintiff failed to state a claim to overturn the RLA arbitration award. ECF No. 14. On January 17, 2018, the undersigned entered Findings, Conclusions, and Recommendation to Judge O'Connor recommending that he grant Defendant's first motion to dismiss unless Plaintiff timely filed an amended complaint within the fourteen days allotted for objections. ECF No. 22.

Plaintiff filed his Amended Complaint (ECF No. 23) and Second Amended Complaint (ECF No. 24) on January 22, 2018. Both of the latter filings contain the same amended complaint and attachments, but the Second Amended Complaint includes the statement: "I'm seeking judicial justification and monetary compensation." Defendant filed its Renewed Motion to Dismiss on February 5, 2018. ECF No. 25. On February 8, 2018, Plaintiff filed two Responses to Defendant's Renewed Motion. ECF Nos. 29 and 30. On February 13, 2017, Defendant filed its Reply in support of its Renewed Motion to Dismiss. ECF No. 31. Plaintiff then filed his Response/Objection to Defendant's Reply on February 20, 2018. ECF No. 32.

The undersigned construes Plaintiff's Response/Objection as a surreply to Defendant's Reply in support of its Renewed Motion to Dismiss. "[S]ur-replies are 'highly disfavored' and are generally permitted in 'exceptional or extraordinary circumstances.'" *Highmark, Inc. v. Allcare Health Management Systems, Inc.*, No. 4:03-cv-1384-Y (N.D. Tex. Sept. 29, 2015) (Means, J.) (citing *Lacher v. West*, 147 F. Supp. 2d 538, 539 (N.D. Tex. 2001) (Lindsay, J.)). Although Plaintiff failed to seek leave of Court to file a surreply, and Defendant did not raise any new issues, theories, or arguments in its Reply brief such that a surreply would be in order, the undersigned

2

nevertheless considers Plaintiff's Response/Objection in the interest of justice and because Plaintiff is proceeding *pro se* in this action.

## II.   LEGAL STANDARD

### A.  Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. The Rules require that each complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). A complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a Rule 12(b)(6) motion, courts "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff . . . and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Twombly*, 550 U.S. at 547). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A court ruling on a Rule 12(b)(6) motion may rely on the complaint, documents properly attached to the complaint or incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).

### B.  The Railway Labor Act

Defendant argues that this case is governed by the RLA because an arbitrator upheld the Plaintiff's termination pursuant to the provisions of the RLA. *See* 45 U.S.C. § 181. Review of

arbitration awards under the RLA is "among the narrowest known to the law." *Union Pac. R.R. v. Sheehan*, 439 U.S. 89, 91 (1978); *Am. Eagle Airlines, Inc. v. Air Line Pilots Assoc., Int'l*, 343 F.3d 401, 405 (5th Cir. 2003). This is so because the RLA clearly prefers settlement of disputes under the agreed-upon procedures set out in a CBA. *Cont'l Airlines, Inc. v. Air Line Pilots Assoc., Int'l*, 555 F.3d 399, 405 (5th Cir. 2009). The RLA requires deference to an arbitration award under a CBA unless (1) the board failed to comply with the RLA, (2) there is evidence of fraud or corruption by the arbitral board, or (3) the order did not confine itself to matters within the scope of the arbitral board's jurisdiction. 45 U.S.C.A. § 153. The court will defer to an arbitrated decision on any ground presented by the parties, even if that ground was not relied on by the arbitral board in its decision. *Cont'l Airlines*, 555 F.3d at 405-06. The Fifth Circuit has established a fourth line of review grounded in redressing violation of a party's due process rights. *Ballew v. Continental Airlines*, 668 F.3d 777, 787 n*3 (5th Cir. 2012). "Absent one of these exceptions or the judicially-created exceptions for public-policy concerns or due-process violations, the arbitral board's decision is binding and conclusive on the parties." *American Airlines, Inc. v. Allied Pilots Association*, No. 4:12-CV-0083-Y, 2012 WL 12872585, at *4 (N.D. Tex. Nov. 2, 2012) (Means, J.).

### III.    ANALYSIS

Plaintiff fails to allege any grounds for avoiding the arbitration award, except for violation of his due process rights. He asserts in his Second Amended Complaint that the dispute is "based on a Procedural Due Process Violation" due to Defendant's "intentional act of entering false and misleading evidence" into his termination hearing, which in turn "made it impossible for a fair and impartial hearing." ECF No. 24. Plaintiff attached various documents to his Amended Complaint without explaining how the attachments support his claims.

In response to Plaintiff's Amended Complaint, Defendant filed a Renewed Motion to Dismiss. ECF No. 26. In its Renewed Motion, Defendant contends that Plaintiff's Amended Complaint "does not allege that the arbitration board violated the RLA, exceeded its jurisdiction, or was guilty of fraud or corruption." ECF No. 26 at 2. Defendant also argues that Plaintiff's Due Process claim is without merit, as the Defendant is not a government actor and that such internal investigation hearings cannot give rise to Due Process claims. *Id.* at 3. However, as indicated in a footnote in Defendant's Motion, under the RLA, a board's arbitral decision may be subject to review based on an allegation of denial of fundamental due process. ECF No. 26; 45 U.S.C.A. § 153; *see Mitchell v. Continental Airlines, Inc.*, 481 F.3d 225, 231 (5th Cir. 2007); *Hall v. Eastern Air Lines, Inc.*, 511 F.2d 663, 663-64 (5th Cir. 1975) (affirming that judicially-created exceptions for public-policy concerns or due-process violations are reviewable by the courts).

Although the Fifth Circuit recognizes that allegations of due process violations present grounds for judicial review of an arbitral award, *Ballew*, 668 F.3d at 787 n*3, the Amended Complaint merely makes conclusory claims that the "dispute is based on a Procedural Due Process Violation." ECF No. 24. While a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers, "even a liberally-construed *pro se* . . . complaint must set forth facts giving rise to a claim on which relief may be granted." *Levitt v. Univ. of Texas at El Paso*, 847 F.2d 221, 224 (5th Cir. 1988) (citing *Bounds v. Smith*, 430 U.S. 817, 825 (1977)). Here, Plaintiff's Amended Complaint does not raise sufficient facts to support his claims. Further, it is unclear how the documents attached to the Amended Complaint relate to Plaintiff's claims or provide support for them. *See* ECF No. 24.

Plaintiff presents additional facts and arguments related to his Due Process claim in his response to Defendant's Renewed Motion. ECF No. 29. When considering a motion to dismiss a

complaint, however, a court can only rely on the complaint, documents properly attached to the complaint or incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Wolcott v. Sebelius,* 635 F.3d 757, 763 (5th Cir. 2011). A plaintiff cannot add factual allegations to his complaint by way of his response. *Sheddy v. JPMorgan Chase Bank, N.A.*, Civ. A. No. 3:12-CV-2804-M BF, 2013 WL 5450288, at *3 n.3 (N.D. Tex. Sept. 30, 2013).

Courts must accept a complaint's well-pleaded facts as true and view them in the light most favorable to the plaintiff. But a plaintiff still must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A complaint does not state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

Here, the Court afforded Plaintiff an opportunity to amend his complaint to plead his best case. However, Plaintiff's Amended Complaint merely makes conclusory allegations of due process violations without sufficient factual support. *See* ECF No. 24. While Plaintiff offers newly raised factual support in his response to Defendant's Renewed Motion to Dismiss, a plaintiff cannot add factual allegations to his complaint by way of his response to a motion to dismiss. *Bennett v. JPMorgan Chase,* No. 3:12–CV–212–N, 2013 WL 655059, at *7 n. 7 (N.D. Tex. Feb.5, 2013), *rec. adopted,* 2013 WL 655054 (N.D. Tex. Feb.22, 2013). Under these circumstances, Judge O'Connor should grant Defendant's Renewed Motion to Dismiss and dismiss Plaintiff's Amended Complaint without prejudice.

## IV. CONCLUSION

For the foregoing reasons, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** Defendant's Renewed Motion to Dismiss and dismiss this action without prejudice (ECF No. 25).

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed February 23, 2018.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE